Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joan M. Applewhite,<br><br>                              Plaintiff,<br><br>v.<br><br>Anaya Law Group, A Professional Corporation,<br><br>                              Defendant. | Case No: 5:14-cv-00385-JGB-SP<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 15, 2015<br>Time: 9:00 AM<br>Location: Courtroom 1<br><br>Hon. Jesus G. Bernal |

**HYDE & SWIGART**
San Diego, California

**Table Of Contents**

I.   Introduction ..................................................................................................1

II.   Statement of Facts .........................................................................................2

III.   Procedural History .......................................................................................3

IV.   Standard ........................................................................................................4

V.   Argument ......................................................................................................5

    A.   Defendant's August 30, 2013 letter violated California's Rosenthal Act ....................6

    B.   Defendant's failure to provide Plaintiff notices in the remaining four letters violated the FDCPA ....................................................................7

    C.   Defendant's December 3, 2013 letter also violated the FDCPA in another manner ...11

    D.   Defendant's failure to provide Plaintiff, a pro per litigant, notice that Defendant's Requests for Admissions violated the FDCPA .........................................11

VI.   Conclusion ..................................................................................................13

HYDE & SWIGART
San Diego, California

**Table Of Authorities**

**Cases**

*Abels v. JBC Legal Group, P.C.,*
   227 F.R.D. 541 ...................................................................................5

*Alkan v. Citimortgage, Inc.,*
   336 F. Supp. 2d 1061 (N.D. Cal. 2004)...........................................6

*Anderson v. Liberty Lobby. Inc.,*
   477 U.S. 242 (1986)........................................................................4

*Anderson v. Liberty Lobby. Inc.,*
   477 U.S. at 255...............................................................................4

*Arney v. U. S.,*
   479 F.2d 653 (9th Cir. 1973) ..........................................................4

*Camacho v. Bridgeport Fin., Inc.,*
   430 F.3d 1078 (9th Cir. Cal. 2005)..................................................8

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986)........................................................................4

*Celotex Corp. v. Catrett*
   477 U.S. 322 (1986)........................................................................4

*Clark v. Capital Credit & Collection Servs., Inc.,*
   460 F.3d 1162 (9th Cir. 2006) ........................................................5

*Corley v. United States,*
   556 U.S. 303 (U.S. 2009)................................................................8

*Costa v. Nat'l Action Fin. Servs.,*
   634 F. Supp. 2d 1069 (E.D. Cal. 2007) ..........................................5

*Dupuy v. Weltman,*
   442 F. Supp. 2d 822 (N.D. Cal. 2006).............................................5

*Edstrom v. All Services and Processing,*
   2005 U.S. Dist. LEXIS 2773, 2005 WL 645920 (N.D. Cal. February, 2005) .........................5

HYDE & SWIGART
San Diego, California

**Table Of Authorities**

**(continued)**

*First National Bank of Arizona v. Cities Service Co.,*

   391 U.S. 253 (1968)..................................................................................................4

*Gonzalez v. Arrow Financial Services,*

   660 F.3d 1055.........................................................................................................1

*Guerrero v. RJM Acquisitions LLC,*

   499 F.3d 926 (9th Cir. 2007).................................................................................5

*Heintz v. Jenkins,*

   514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) ...................................5

*Heintz v. Jenkins,*

   514 U.S. 291 (1995)............................................................................................12

*Hibbs v. Winn,*

   542 U.S. 88, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004).....................................8

*Lamie v. United States Tr.,*

   540 U.S. 526 (U.S. 2004).....................................................................................8

*McCollough v. Johnson, Rodenburg & Lauinger, LLC.,*

   637 F.3d 939 (2011) .......................................................................................2, 12

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,*

   637 F.3d 939 (9th Cir. 2011) ...............................................................................5

*McCollough v. Johnson, Rodenburg & Lauinger, LLC.,*

   637 F.3d 939 (2011) .....................................................................................13, 14

*Mejia v. Marauder Corp.,*

   2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007)..................................................6

*Pasquale v. Law Offices of Nelson & Kennard,*

   940 F. Supp. 2d 1151 (N.D. Cal. 2013)...........................................................8, 10

HYDE & SWIGART
San Diego, California

**Table Of Authorities**

**(continued)**

HYDE & SWIGART
San Diego, California

*Pasquale v. Law Offices of Nelson & Kennard,*

   940 F. Supp. 2d 1151, 2013 U.S. Dist. LEXIS 53650, WL 1618020 (N.D. Cal.2013)........9, 10

*Pressley v. Capital Credit & Collection Serv.,*

   760 F.2d 922 (9th Cir. Or. 1985) .........................................................................9

*Reichert v. National Credit Systems, Inc.*

   531 F.3d 1002 (9th Cir, 2008) ...........................................................................5

*Savage v. NIC, Inc.,*

   2009 U.S. Dist. LEXIS 65071, 2009 WL 2259726 (D. Ariz. July 28, 2009) .........................10

*Sayyed v. Wolpoff & Abramson,*

   485 F.3d 226 (4th Cir. 2007) ...........................................................................12

*Sial v. Unifund CCR Partners,*

   2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008)........................................6


**Statutes**

15 U.S.C. § 1692a(3) ...........................................................................................2

15 U.S.C. § 1692e.............................................................................................11, 15

15 U.S.C. § 1692e(10)......................................................................................4, 11, 15

15 U.S.C. § 1692e(11).............................................................3, 4, 7, 8, 9, 10, 14

15 U.S.C. § 1692f...........................................................................................4, 13, 14

15 U.S.C. § 1692f(1)......................................................................................4, 15

15 U.S.C.  § 1692g ...........................................................................................9

Cal. Civ. Code § 1788.17 ......................................................................................14

Cal. Civ. Code § 1812.700 ....................................................................................6

**Table Of Authorities**

**(continued)**

Cal. Civ. Code § 1812.700(b) ................................................................1, 2, 14

Cal. Civ. Code § 1812.702 ...............................................................................7, 14

**Rules**

Fed. 8 Rules Civ. Proc. Rule 56(c)(2) ..............................................................4

California Civil Code of Procedure section (CCP) 2033.250(a) .................13

California Civil Code of Procedure section (CCP) 2033.280 .......................13

California Civil Code of Procedure section (CCP) 2033.280(a) ..................13

HYDE & SWIGART
San Diego, California

## I.     Introduction

Anaya Law Group, A Professional Law Corporation ("Defendant") sent Plaintiff multiple letters in their attempt to collect a consumer debt, on August 30, 2013, December 3, 2014, two letters on January 13, 2014, and February 3, 2014. [1] These five letters mailed by Defendant to Plaintiff violated the Fair Debt Collections Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("California's Rosenthal Act").

Defendant's August 30, 2013 debt collection letter, the initial communication between the litigants, failed to notify Plaintiff as required by Cal. Civ. Code § 1812.700(b), in violation of California's Rosenthal Act.[2]  Defendant's December 3, 2013 letter stated, in part, "if payment is not made as requested, the balance will continue to accrue in interest on a daily basis and a judgment will be obtained against you which will include court costs and attorneys' fees" as though a judgment was a foregone conclusion.  While it is possible that a judgment could be obtained against Plaintiff, it is also possible that one would not be obtained against Plaintiff.   Consequently, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10) and Cal Civ Code § 1788.17.

Furthermore, Defendant's December 3, 2013 letter, and the two subsequent letters on January 13, 2014, as well as the final letter, on February 3, 2014, did not notify Plaintiff that "the communication is from a debt collector" as required by 15 U.S.C. § 1692e(11).  As a result, Defendant violated 15 U.S.C. § 1692e(11) and Cal Civ Code § 1788.17.

Finally, in serving Plaintiff, a pro per litigant at the time, with Defendant's Request for Admissions, Request for Production of Documents and Form

---

[1] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000029, DEF000030, DEF000032 and Exhibit B, Defendant's January 13, 2014 collection letter.

[2] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000011.

HYDE & SWIGART
San Diego, California

1   Interrogatories, Defendant failed to provide Plaintiff notice that Defendant's

2   requests would be deemed admitted if Plaintiff did not respond within thirty days.

3   As a result of Defendant's failure to provide Plaintiff notice that Defendant's

4   requests would be deemed admitted if Plaintiff did not respond within thirty days,

5   Defendant violated the FDCPA and the Rosenthal Act.  Again, the Ninth Circuit has

6   held that such conduct by debt collectors violates the FDCPA and the California

7   Rosenthal Act.   See *McCollough v. Johnson, Rodenburg & Lauinger, LLC*. 637 F.

8   3d 939 (2011)("we must conclude that the service of requests... without an

9   explanation that the requests would be deemed admitted after thirty days constitutes

10  'unfair or unconscionable' or 'false, deceptive, or misleading' means to collect a

11  debt.")

## II.    Statement of Facts

13      Defendant is a law firm engaged in collecting debts, including a debt alleged

14  to be owed to Nuvision Federal Credit Union by Plaintiff.[3]  Plaintiff is a consumer

15  as defined by 15 U.S.C. § 1692a(3).[4]   Defendant is a debt collection company that

16  regularly engages in collecting alleged debts for creditors, including for Nuvision

17  Federal Credit Union.[5]    Plaintiff is a debtor, alleged to owe a debt to Nuvision

18  Federal Credit Union.[6]  Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).[7]

19  Defendant is a law firm that regularly collects debts for its clients, and was

20  attempting to collect from Plaintiff at all relevant times here.[8]

21      Defendant's August 30, 2013 debt collection letter was the initial

22  communication between the parties.[9]  This initial communication with the plaintiff

23  _____

24  [3]See Exhibit C, Defendant's First Amended Answer, #10; Exhibit D, Register of Actions
    identifying Defendant collecting debts on behalf of another.

25  [4] See Declaration of Joan M. Applewhite, #6.

    [5]  See Exhibit D, Cases filed by Defendant, acting as a debt collector, within the last two years.

26  [6] See Declaration of Joan M. Applewhite, #6.

    [7] See Declaration of Joan M. Applewhite, # 6.

27  [8] See Exhibit C, Defendant's First Amended Answer, #10.

    [9] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-

28  stamp DEF000011; See also Declaration of Joan M. Applewhite, #7.

Hyde & Swigart
San Diego, California

failed to provide the notification required by Cal. Civ. Code § 1812.700(b).[10] Defendant also sent Plaintiff four other collection letters, dated December 3, 2013, two letters on January 13, 2014, and February 3, 2014, all of which failed to provide Plaintiff the notices required by 15 U.S.C. § 1692e(11).[11]  The December 3, 2013 letter stated that if Defendant chose to sue the Plaintiff, a judgment would be obtained against her which would include court costs and attorney's fees."[12]

Finally, in the state matter, in serving Plaintiff, a pro per consumer, with Defendant's Request for Admissions, Request for Production of Documents and Form Interrogatories, Defendant failed to provide Plaintiff with notice that Defendant's requests would be deemed admitted if Plaintiff did not respond within thirty days,[13] which the Ninth Circuit has held violates the FDCPA.

## III.  Procedural history

Plaintiffs filed this action on February 28, 2014.[14]   Plaintiff filed a First Amended Complaint on March 21, 2014.[15]  Defendant filed their answer on July 7, 2014.[16] The parties engaged in limited discovery as to Defendant's communications with Plaintiff, specifically, Defendant's December 3, 2013, January 13, 2014 (two letters) and February 3, 2014 letters, and Defendant's failure to advise Plaintiff that Defendant's requests would be deemed admitted if Plaintiff did not respond within thirty days.

As a result of this discovery, there are no disputed issues, only the legal questions regard (1) whether Defendant's August 30, 2013 debt collection letter

---

[10] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000011.
[11]  See Exhibit A, Defendant's Responses to Plaintiff's Request for Admission, Bate-stamp DEF000029, DEF000030, DEF000032 and Exhibit B, Defendant's January 13, 2014 collection letter.
[12]  See Exhibit A, Defendant's Responses to Plaintiff's Request for Admission, Bate-stamp DEF000029.
[13] See Declaration of Joan M. Applewhite, #8.
[14] See Court Dckt. No. 1.
[15] See Court Dckt. No. 9.
[16] See Court Dckt. No. 16.

HYDE & SWIGART
San Diego, California

1  violated the law; (2) whether Defendant's failure to provide Plaintiff notices in the
2  remaining four letters violated 15 U.S.C. § 1692e(11); (3) whether Defendant's
3  December 3, 2013 letter violated 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(11) and
4  15 U.S.C. § 1692f(1); and (4) whether Defendant's failure to provide Plaintiff, a *pro*
5  *per* litigant, notice that Defendant's Requests for Admission would be deemed
6  admitted if Plaintiff did not respond within thirty days violated 15 U.S.C. § 1692f.

7  **IV.   Standard**

8          A party is entitled to summary judgment "if the pleadings, the discovery and
9  disclosure materials on file, and any affidavits show that there is no genuine issue
10 as to any material fact and that the movant is entitled to judgment as a matter of
11 law." Fed. 8 Rules Civ. Proc. Rule 56(c)(2). The moving party must first
12 demonstrate that there is an "absence of a genuine issue of material fact." Id. at.
13 323. To survive a motion for Summary judgment, the nonmoving party present
14 enough evidence of a factual dispute that would "'require a jury or judge to resolve
15 the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby. Inc.*,
16 477 U.S. 242, 249 (1986), quoting, *First National Bank of Arizona v. Cities Service*
17 *Co.*, 391 U.S. 253, 288-89 (1968).  To that end, the nonmoving party must show
18 facts "that might affect the outcome of the suit under the governing law." *Celotex*
19 *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Furthermore, "there must be at least
20 one viable theory of law under the asserted version of the facts that would, if true,
21 entitle the opponent of the motion to judgment as a matter of law." *Arney v. U. S.*,
22 479 F.2d 653 (9th Cir. 1973).

23         For purposes of a summary judgment determination, the nonmoving party's
24 evidence "is to be believed, and all justifiable inferences are to be drawn in his
25 favor." *Anderson*, 477 U.S. at 255.  Additionally, the "plain language of Rule 56(c)
26 mandates the entry of summary judgment, after adequate time for discovery and
27 upon motion, against a party who fails to make a showing sufficient to establish the
28 existence of an element essential to that party's case, and on which that party will

HYDE & SWIGART
San Diego, California

bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Under those circumstances, there is "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323. Therefore, if a party cannot establish an essential element, the moving party is "'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id*.

## V.   Argument

Seeking to somewhat level the playing field between consumers and debt collectors, the FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995). Whether conduct violates Section 1692e requires an objective analysis that takes into account whether "the least sophisticated debtor would likely be misled by a communication." See *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). The FDCPA is strict liability; violations need not be intentional. *Reichert v. National Credit Systems, Inc.* 531 F.3d 1002, 1004 (9th Cir, 2008) ("After the district court ruling, and after this appeal was briefed, our court decided [*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006)], which made clear that the FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional.") See also *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) (The FDCPA does not require proof of intentional violation, and is a strict liability statute.)

California's Rosenthal Act is also strict liability. *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007), fn 7. The Rosenthal Act incorporates the FDCPA by reference by requiring compliance with the substantive provisions of the FDCPA. *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 825 fn. 1 (N.D.

HYDE & SWIGART
San Diego, California

Cal. 2006); *see also Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541; citing *Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773, 2005 WL 645920 (N.D. Cal. February, 2005), (California has incorporated by reference the text of certain federal provisions into the [Rosenthal Act], rather than copying them verbatim into the California code.) *See also*, *Mejia v. Marauder Corp.*, 2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007) and *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004). "The Rosenthal Act establishes liability under California law for violations of the FDCPA." *Sial v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008).

## A.   Defendant's August 30, 2013 letter violated California's Rosenthal Act.

Cal. Civ. Code § 1812.700 provides that in addition to the requirements imposed California's Rosenthal Act, third-party debt collectors subject to the FDCPA must provide the following notice to debtors with the first written notice addressed to a California address of the debtor:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Here Defendant's August 30, 2013 letter was the first written notice addressed to Plaintiff at her California address in connection with collecting the

HYDE & SWIGART
San Diego, California

debt by the defendant, a third- party debt collector under the FDCPA.[17]   As can be seen in Exhibit A, Defendant's Responses to Plaintiff's Request for Admission, Bate-stamp DEF000029, this notice is absent.   Consequently, Defendant has violated California's Rosenthal Act, pursuant to Cal. Civ. Code § 1812.702.

**B.   Defendant's failure to provide Plaintiff notices in the remaining four letters violated the FDCPA.**

15 U.S.C. § 1692e(11) requires debt collectors to advise consumers in any subsequent communication that "the communication is from a debt collector."   See 15 U.S.C. § 1692e(11).  The FDCPA provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> …
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication *is* from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

The statute is clear and unambiguous, and the Defendant's December 3, 2013 letter, and the two subsequent letters on January 13, 2014, as well as the final letter, on February 3, 2014, did not notify Plaintiff that "the communication is from a debt

---

[17] See Declaration of Joan M. Applewhite, #7; See also Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000011.

HYDE & SWIGART
San Diego, California

collector" as required by 15 U.S.C. § 1692e(11).[18]

One of the most basic interpretive canons of law is that "'[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant….'" *Corley v. United States*, 556 U.S. 303, 314 (U.S. 2009), citing *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004).

> When the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms." [*Lamie v. United States Tr.*, 540 U.S. 526, 534 (U.S. 2004)] (internal quotation marks and citations omitted).

*Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081 (9th Cir. Cal. 2005). (Holding that when Congress said a notice must say "in writing," it meant "in writing," and not something else.)  See also, *Pasquale v. Law Offices of Nelson & Kennard*, 940 F. Supp. 2d 1151, 1157-1158 (N.D. Cal. 2013) ("Defendant contends the voicemail messages at issue in this case do not violate the FDCPA, even though they did not include a statement indicating that Nelson & Kennard is a debt collector, because they were not false and misleading.  Because the plain language of § 1692e(11) specifically requires that all subsequent communications disclose that the communication is from a debt collector, the Court rejects Nelson & Kennard's position.") [Emphasis added].

Like the voicemail left by the defendant in *Pasquale v. Law Offices of Nelson & Kennard*, here the Defendant's letters failed to provide Plaintiff notice that "the communication is from a debt collector."[19]  Consequently, Defendant violated 15

---

[18] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000029, DEF000030, DEF000032 and Exhibit B, Defendant's January 13, 2014 collection letter.

[19] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000029, DEF000030, DEF000032 and Exhibit B, Defendant's January 13, 2014 collection letter.

1   U.S.C. § 1692e(11).

2       Further, the Ninth Circuit has a history of cases regarding this language. Prior

3   to Congress' 1996 amendment to 15 U.S.C. § 1692e(11), District Courts struggled

4   with differentiating between initial written communications and *subsequent*

5   communications, struggling with whether a 15 U.S.C. § 1692e(11) notice was

6   required in only initial written communications or in *all* communications from a

7   debt collector.   This confusion over the interpretation of 15 U.S.C. § 1692e(11) is

8   best illustrated in the Court's ruling in *Pressley v. Capital Credit & Collection Serv.*,

9   760 F.2d 922 (9th Cir. Or. 1985).  In *Pressely,* a consumer sued a debt collector on the

10  grounds that Defendant's subsequent communications with Plaintiff did not provide

11  the proper notice under 15 § U.S.C. 1692e(11).     The *Pressley* court rejected the

12  consumer's argument that the notice in 15 U.S.C. § 1692e(11) was required in

13  subsequent communications to consumers.

14      The *Pressley* court held that, "where the debtor has already received proper

15  notification of the debt as required by Section 809 of the Act [15 U.S.C. 1692g] or has

16  been negotiating with the debt collector over the terms of repayment … no purpose is

17  served by requiring that every subsequent communication with that debtor contain

18  these disclosures," and therefore "no useful purpose would be served by repetition of

19  a formal warning in such a follow up notice to a debtor.   Nor was it intended by

20  Congress." *Id.*, at 925.

21      However, eleven years after the *Pressley* decision, in 1996, Congress

22  amended subsection 1692e(11) to resolve this ambiguity by clarifying and

23  differentiating between "initial written communication[s]" and "subsequent

24  communications," making it clear that a 15  U.S.C. § 1692e(11) notice is required by

25  a debt collector in *all* communications, initial or subsequent. See 15 U.S.C. §

26  1692e(11).   Through this amendment, Congress effectively rejected and nullified

27  the decision reached in *Pressley v. Capital Credit & Collection Serv*.

28      Congress' nullification of the *Pressley* decision was fully analyzed in the

HYDE & SWIGART
San Diego, California

subsequent ruling in *Pasquale v. Law Offices of Nelson & Kennard*, 940 F. Supp. 2d 1151, 2013 U.S. Dist. LEXIS 53650, WL 1618020 (N.D. Cal.2013).   In *Pasquale*, the Court found that Defendant, Nelson & Kennard, a debt collector, did not provide a statement in their voicemail to Plaintiff that they were a debt collector, and therefore violated 15 U.S.C. § 1692e(11).   See *Pasquale v. Law Offices of Nelson & Kennard*, 940 F. Supp. 2d 1151, 2013 U.S. Dist. LEXIS 53650, WL 1618020 (N.D. Cal.2013).   The *Pasquale* Court stated that "this Court respectfully declines to follow the reasoning in *Reed* because it finds that *Pressley* is no longer good law," and that "The plain language of 1692e(11) specifically requires that *all* subsequent communications disclose that the communication is from a debt collector."  *Id*, at 1151; see also *Savage v. NIC, Inc.*, 2009 U.S. Dist. LEXIS 65071, 2009 WL 2259726 at *5-6 (D. Ariz. July 28, 2009).  The Ninth Circuit in *Pasquale* held that a debt collector violates the FDCPA when it does not disclose to a consumer ***in all subsequent communications*** that the communication is on behalf of a debt collector. [Emphasis added]  *Id*, at 1151.

Here, Defendant's December 3, 2013, January 13, 2014 (two letters) and February 3, 2014 debt collection letters <u>omitted</u> the phrase "this communication is from a debt collector." [20]   Defendant's failure to provide Plaintiff notice in Defendant's December 3, 2013, January 13, 2014 (two letters) and February 3, 2014 debt collection letters that the "communication is from a debt collector," effectively shifts the burden to the least sophisticated consumer to determine if Defendant is indeed a debt collector and if the consumer's rights are even protected under the FDCPA.

Here, because Defendant's December 3, 2013, January 13, 2014 (two letters) and February 3, 2014 debt collection letters did not disclose that the

---

[20] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000029, DEF000030, DEF000032 and Exhibit B, Defendant's January 13, 2014 collection letter.

HYDE & SWIGART
San Diego, California

1    "communication is from a debt collector," Defendant violated the FDCPA. See
2    *Pasquale v. Law Offices of Nelson & Kennard*, 940 F. Supp. 2d 1151, 1157-1158
3    (N.D. Cal. 2013).

4    **C.   Defendant's December 3, 2013 letter also violated the FDCPA in**
5    **another manner.**

6        On December 3, 2013, Defendant mailed Plaintiff a debt collection letter.[21]
7    Defendant's debt collection letter misleadingly misrepresents that if Plaintiff did not
8    immediately pay off the alleged debt, Defendant would, without question, obtain a
9    default judgment against Plaintiff. Defendant's December 3, 2013 letter states in
10   part, "If payment is not made as requested, the balance will continue to accrue
11   interest on a daily basis and a judgment will be obtained against you which will
12   include court costs and attorneys' fees."[22]

13       While it is true that in the event that Plaintiff failed to file an answer in the
14   underlying state court action, Case No. CIVRS1311964, Defendant *may* be able to
15   obtain a default judgment, it is certainly not a foregone conclusion that Defendant
16   would obtain a default judgment. Defendant's December 3, 2013 debt collection
17   letter gave the least sophisticated consumer the impressions that a default judgment
18   was a foregone conclusion and that a judgment was the only possible result of the
19   lawsuit. Through this conduct, Defendant used a false, deceptive, or misleading
20   representation or means in connection with the collection of a debt. Consequently,
21   Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

22   **D.   Defendant's failure to provide Plaintiff, a *pro per* litigant, notice that**
23   **Defendant's Requests for Admission violated the FDCPA.**

24       On or about September 30, 2013, Defendant, acting on behalf of Nuvision
25   Federal Credit Union, filed a lawsuit against Plaintiff in the Superior Court of San

26   _____
27   [21] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000029.
28   [22] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000029.

HYDE & SWIGART
San Diego, California

1   Bernardino, Case No. CIVDS1311964.  Shortly thereafter, on or about December 3,

2   2013, Defendant served a Request for Admissions, Request for Production of

3   Documents and Form Interrogatories upon Plaintiff.[23]   In serving Plaintiff with

4   Defendant's Request for Production of Documents and Form Interrogatories,

5   Defendant did not provide Plaintiff notice that Defendant's requests would be

6   deemed admitted if Plaintiff did not respond within thirty days.

7        The FDCPA "applies to the litigation activities of lawyers."  See *Heintz v.*

8   *Jenkins*, 514 U.S. 291, 294 (1995).   The Ninth Circuit and the Fourth Circuit have

9   held that the FDCPA applies specifically to statements in written discovery

10  responses.  See *McCollough v. Johnson, Rodenburg & Lauinger, LLC*. 637 F.3d 939

11  (2011); see also *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 228, 230-32 (4th Cir.

12  2007).   The Ninth Circuit has also held that the FDCPA does include coverage of

13  the service of requests for admissions.  See *McCollough v. Johnson, Rodenburg &*

14  *Lauinger, LLC*. 637 F.3d 939 (2011).

15       In *McCollough*, as in our present case, the debt collector, JRL, served request

16  for admissions upon a pro per litigant, and in doing so, failed to provide an

17  explanation that, under the applicable Civil Procedure rules, requests would be

18  deemed admitted in the pro per litigant did not respond to said requests within thirty

19  days.  *Id* at 946.  In *McCollough*, the Ninth Circuit held that the failure to provide

20  notice to a pro per litigant that said requests would be deemed admitted if the pro

21  per litigant did not respond to said requests within thirty days violated the FDCPA.

22  *Id* at 951.

23

24       "Because we consider the debt collector's conduct from the
        standpoint of the least sophisticated debtor, we must conclude
25       that the service of requests... without an explanation that the
        requests would be deemed admitted after thirty days constitutes
26       'unfair or unconscionable' or 'false, deceptive, or misleading'

27  _____

28  [23] See Exhibit E; See also Declaration of Joan M. Applewhite, #8.

HYDE & SWIGART
San Diego, California

means to collect a debt. Here, JRL effectively requested that McCollough admit JRL's entire case against him and concede all defenses. The Least Sophisticated debtor cannot be expected to anticipate that a response within thirty days was required to prevent the court from deeming the requests admitted.   The District Court properly granted summary judgment on this claim."

*Id* at 951.

California Civil Code of Procedure section (CCP) 2033.250(a) states in part, "Within 30 days after service of requests for admission, the party to whom the requests are directed shall serve the original of the response to them on the requesting party." See CCP section 2033.250(a).  Further, CCP 2033.280 and CCP 2033.280(a) states in part,  "If a party to whom requests for admission are directed fails to serve a timely response, the following rules apply: (a) The party to whom the requests for admission are directed waives any objection to the requests."  See CCP 2033.280 and CCP 2033.280(a).

Here, on or about December 3, 2013, Defendant served Request for Admissions, Request for Production of Documents and Form Interrogatories upon Plaintiff, a pro per litigant at the time.[24]   In serving Plaintiff with Defendant's Request for Admissions, Request for Production of Documents and Form Interrogatories, Defendant failed to provide Plaintiff notice that Defendant's requests would be deemed admitted if Plaintiff did not respond within thirty days. As a result of Defendant's failure to provide Plaintiff notice that Defendant's requests would be deemed admitted if Plaintiff did not respond within thirty days, Defendant violated 15 U.S.C. § 1692f.  See 15 U.S.C. § 1692f and *McCollough v. Johnson, Rodenburg & Lauinger, LLC.* 637 F.3d 939, 951 (2011).

## VI.   Conclusion

Defendant's August 30, 2013 debt collection letter, the initial communication

---

[24] See Exhibit E, Defendant's discovery requests to Plaintiff in *NuVision Federal Credit Union v. Joan M. Applewhite, et al.,* Case No. CIVDS1311964

Hyde & Swigart
San Diego, California

1  from Defendant, failed to notify Plaintiff as required by Cal. Civ. Code §
2  1812.700(b), in violation the California Rosenthal Act, specifically, Cal. Civ. Code
3  § 1812.700(b).

4      It is undisputed that Defendant mailed Plaintiff collection letters on August
5  30, 2013, December 3, 2013, January 13, 2014 (two letters) and February 3, 2014,
6  and that four of these these collection letters failed to disclose to Plaintiff that the
7  "communication is from a debt collector."  Defendant's December 3, 2013, January
8  13, 2014 (two letters) and February 3, 2014 debt collection letters are deceptive and
9  in violation of the FDCPA and the California Rosenthal Act because each collection
10  letter failed to provide Plaintiff notice that the "communication is from a debt
11  collector," in violation of 15 U.S.C. § 1692e(11).

12      Defendant's failure to provide Plaintiff notice in December 3, 2013, January
13  13, 2014 (two letters) and February 3, 2014 debt collection letters that "the
14  communication is from a debt collector" shifted the burden to Plaintiff, least
15  sophisticated consumers, to determine if Defendant was indeed a debt collector and
16  if their consumer rights were protected under the FDCPA and the California
17  Rosenthal Act.  Consequently, Defendant violated the FDCPA and the California
18  Rosenthal Act.  Specifically, Defendants's failure to provide Plaintiffs notice that
19  the "communication is from a debt collector" in Defendant's December 3, 2013,
20  January 13, 2014 (two letters) and February 3, 2014 debt collection letters violated
21  15 U.S.C. § 1692e(11) and the California Rosenthal Act.  See 15 U.S.C. § 1692e(11)
22  and Cal. Civ. Code § 1788.17.

23      Further, as a result of Defendant's failure to Plaintiff, a *pro per* litigant at the
24  time, notice that Defendant's requests would be deemed admitted if Plaintiff did not
25  respond within thirty days, Defendant violated 15 U.S.C. § 1692f and California's
26  Rosenthal Act.  See 15 U.S.C. § 1692f and *McCollough v. Johnson, Rodenburg &*
27  *Lauinger, LLC*. 637 F.3d 939, 951 (2011).

28      Finally, Defendant's December 3, 2013 letter, which stated in part, "if

HYDE & SWIGART
San Diego, California

payment is not made as requested, the balance will continue to accrue in interest on a daily basis and a judgment will be obtained against you which will include court costs and attorney's fees,"[25] used false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1) and the California Rosenthal Act.

For the reasons outlined above, Plaintiffs' Motion for Summary Judgment should be granted in its entirety.

Respectfully submitted,

**Hyde & Swigart**

Date: May 18, 2015                    By: /s/ Crosby S. Connolly
                                          Crosby S. Connolly
                                          Attorneys for Plaintiffs

[25] See Exhibit A, Defendant's Responses to Plaintiff's Request for Production of Documents, Bate-stamp DEF000031.